UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE RUTLEDGE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HEALTHPORT TECHNOLOGIES, LLC, et al.,<br><br>        Defendants. | Case No.  16-cv-06920-VC<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 19 |

       The motion to remand is granted because the amount in controversy requirement for CAFA jurisdiction is not met in this case.

       CAFA jurisdiction requires that the amount in controversy exceed $5 million, the proposed class include more than 100 members, and any plaintiff be a citizen of a state different from any defendant.  28 U.S.C. § 1332(d).  The plaintiffs do not dispute that the latter two requirements are met.  All or almost all members of the proposed class are citizens of California and, as clarified in their letter brief, HealthPort and Ciox are citizens of Georgia for CAFA purposes.  The plaintiffs do not contest that the potential class of current and former employees in California includes more than 100 people.  To the extent there was any doubt about this, the defendants have submitted a declaration explaining that the potential class includes more than 600 people.  *See* Robinson Decl., at 1.

       The plaintiffs contend, though, that the defendants have failed to demonstrate that the amount in controversy exceeds $5 million.  The plaintiffs do not identify the amount of monetary recovery that they seek in their complaint.  So the defendants, having removed this case from

state court, "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

The defendants, in their opposition to the motion to remand, were required to "put forward evidence showing that the amount in controversy exceeds $5 million." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).[1]  HealthPort and Ciox submitted a declaration from a regional HR manager for Ciox, Jay Robinson, who reviewed the defendants' records.  Robinson's declaration includes estimates of the number of current and former employees of the defendants in California over different limitations periods, the number of employees who left HealthPort and Ciox, and average rates of pay for employees working for and separated from the defendants.  But the declaration did not include any information relevant to the potential violation rates for the claims in the complaint, such as the frequency of shifts of different lengths.

The defendants were permitted to draw reasonable inferences from the complaint and from evidence, but they were not permitted to pull potential violation rates out of thin air.  *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201, 1202-03 (9th Cir. 2015); *Ibarra*, 775 F.3d 1198; *see also Garibay v. Archstone Cmtys. LLC*, 539 F. App'x 763 (9th Cir. 2013).  The Ninth Circuit provided an example of reasonable inferences in *LaCross*.  The defendants, facing a claim for fuel cost reimbursements, extrapolated from fuel costs on company discount cards

---

[1] The parties disagree about whether the plaintiffs were required to include evidence in moving to remand based on an insufficient amount in controversy.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014).  The Ninth Circuit has declined to decide whether the plaintiffs must submit evidence.  *Ibarra*, 775 F.3d at 1199-1200.  It has only held that the district court should "'set a reasonable procedure . . . so that each side has a fair opportunity to submit proof.'"  *Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14-cv-09809-SVW-PJW, 2015 WL 898512, at *2 (C.D. Cal. Mar. 3, 2015) (*quoting Ibarra*, 775 F.3d at 1200).  Both sides have had a fair opportunity to submit proof in this case.  The plaintiffs did not submit evidence to suggest that the amount in controversy is less than $5 million.  They argue instead that the defendants have not met their burden on the issue.  The absence of such evidence means that the only evidence available in evaluating the amount in controversy is that submitted by the defendants, but the defendants must still meet their burden to show that CAFA jurisdiction is appropriate.

during a limited period to estimate the amount in controversy over a longer period, adjusting for changes in the number of drivers over time.

The inferences that the defendants attempted to draw in their notice of removal in this case were far less concrete. *See Smith v. Diamond Resorts Mgmt., Inc.*, No. 15-cv-2477-VAP (SPx), 2016 WL 356020 (E.D. Cal. Jan. 29, 2016); *Nolan v. Kayo Oil Co.*, No. 11-cv-00707 MEJ, 2011 WL 2650973, at *4 (N.D. Cal. July 6, 2011). The defendants highlight allegations in the complaint that several of the claims resulted from company policies and practices. The allegation of a policy and practice may make the assumption of violations against all class members reasonable. It does not shed light, though, on the frequency of the violations. *See Ibarra*, 775 F.3d at 1199 ("While it is true that the complaint alleges that [the defendant] maintains 'an institutionalized unwritten policy that mandates' the employment violations alleged in the complaint, including the denial of meal and rest periods, this does not mean that such violations occurred in each and every shift."). *But see Mejia v. DHL Express (USA), Inc.*, No. 15-cv-890-GHK (JCx), 2015 WL 2452755, at *5 (C.D. Cal. May 21, 2015); *Wilson v. Best Buy Co., Inc.*, No. 2:10-cv-3136-GEB-KJN, 2011 WL 445848 (E.D. Cal. Feb. 8, 2011).[2] Although perhaps the defendants' $1.5 million estimate of the amount in controversy for the wage statement claim is reasonable and evidence-based, their estimates of the amount in controversy for the remaining claims (and the value of a potential claim for attorneys' fees) are too speculative.[3]

---

[2] Some district court cases have identified an apparent tension between *Garibay* and *Lewis v. Verizon Communications, Inc.* about the evidence that defendants are required to present in opposing remand. *Compare Garibay*, 539 F. App'x at 764 *with Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395 (9th Cir. 2010); *see, e.g.*, *Mejia*, 2015 WL 2452755, at *4; *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1041 n.4 (N.D. Cal. 2014). The district court cases raise the concern that defendants might be required to provide evidence of their own liability in order to demonstrate the amount in controversy. This case does not seriously implicate the tension identified in other district court cases, though, since HealthPort and Ciox have provided no evidence relevant to the potential violation rates for most of the claims in the complaint apart from the number of potential class members. The defendants could have submitted additional information that would support inferences about the amount in controversy for the claims in the complaint without providing evidence of liability.

[3] The defendants submitted a request for judicial notice of attorneys' fees awarded in a state court case with different parties and circumstances. It is appropriate to take judicial notice of the fee

Accordingly, the case is remanded to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: February 24, 2017

_____
VINCE CHHABRIA
United States District Judge

---

award.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  But the fee award in this other case is only slightly helpful in assessing what the attorneys' fees might be in this case.  Even if it is appropriate to assume that the attorneys' fees will be a percentage of the projected damages in this case, the underlying damages calculation is based on unsupported assumptions.  *See Campbell v. Vitran Express, Inc.*, No. 10-cv-442-RGK (SHx), 2010 WL 4971944, at *4 (C.D. Cal. Aug. 16, 2010).